| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-112 |
| | ) | (VARLAN/SHIRLEY) |
| MELVIN EUGENE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.  This case is before the Court on defense counsel's Motion for Substitution of Counsel [Doc. 14], filed on October 11, 2005.  In this motion, defense counsel states that the defendant requests substitution of counsel due to deterioration of the attorney-client relationship to the point that she can no longer provide adequate representation. The parties appeared before the Court on October 19, 2005.  Assistant United States Attorney Steven H. Cook represented the government.  Assistant Federal Defender Paula R. Voss appeared for the defendant, who was also present.

The defendant confirmed that he no longer wanted to be represented by Ms. Voss. Both the defendant and Ms. Voss acknowledged that there had been a complete breakdown in the trust necessary for an adequate defense such that the attorney-client relationship was irretrievably broken.  Ms. Voss agreed that there had been no change in the attorney-client relationship since the motion for substitution was filed.  The government stated that it had no objection to the defendant's request for a new attorney.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution."  Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985).   Based upon the motion and the parties' statements at the hearing, the Court concludes that good cause exists to allow Ms. Voss to withdraw and to appoint new counsel for the defendant.  The Court finds that the communication between the defendant and Ms. Voss has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship.  Accordingly, defense counsel's Motion for Substitution of Counsel [**Doc. 14**] is **GRANTED**.

Attorney Chris Oldham was present in the courtroom and agreed to accept representation of the defendant.  The Court substitutes and appoints Mr. Oldham under the Civil Justice Act (CJA) as counsel of record for the defendant.  Following Mr. Oldham's appointment, the Court conducted an arraignment on the Superseding Indictment and reviewed the relevant dates that have been set in this case.  Mr. Oldham stated that he believed that he could abide by this schedule at this time, although a new count has been added by the Superseding Indictment. Thus, the schedule shall remain the same at this time, and if Mr. Oldham needs additional time to file motions or for trial, he will timely petition the Court regarding the same.

**IT IS SO ORDERED.**

ENTER:


     s/ C. Clifford Shirley, Jr.
United States Magistrate Judge