IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-112 |
| | ) | (VARLAN/SHIRLEY) |
| MELVIN EUGENE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the undersigned on the defendant's Request for Disclosure of Exculpatory Evidence [Doc. 22], filed on November 2, 2005. Through this document, the defendant makes a formal request for disclosure of all exculpatory evidence within the government's possession or control or which the government may obtain through reasonable diligence. He lists fifteen categories of information that he contends constitute exculpatory evidence. The defendant notes that this Court has already ordered the government to disclose exculpatory evidence in its Order on Discovery and Scheduling [Doc. 12], filed on October 3, 2005. The defendant asserts that he is not asking the Court for any other action or ruling in this regard but is, instead, essentially preserving the record with regard to his requests.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment."

1

Brady, 373 U.S. at 87. As the defendant has observed, the Court's Order on Discovery and Scheduling addresses the government's obligation in this regard:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

[Doc. 12, para. E] The Court finds that it has already ordered the government to turn over materials within the scope of Brady.

Moreover, the Court also notes that the scheduling order [Doc. 12] directs the defendant to first request discovery from the government and be declined the same before seeking a resolution from the Court. By filing his "request" as a motion, the defendant has necessarily involved the Court, even though he maintains that he seeks no ruling at this time. If defense counsel seeks to memorialize a request for discovery in the record without seeking a ruling from the Court, the defendant should file such request as a "notice," rather than a motion. In light of these reasons and the fact that the defendant's motion seeks no particular relief, the Court perceives that no further ruling is necessary at this time. Accordingly, the Court **DENIES** the defendant's Request for Disclosure of Exculpatory Evidence [**Doc. 22**] **as moot.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge