UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-112 |
| | ) | (VARLAN/SHIRLEY) |
| MELVIN E. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. A motion hearing was held on February 27, 2006. Assistant United States Attorney Steve Cook was present for the government. Attorney Christopher Oldham was present for the defendant. The defendant was also present.

This case is before the Court on the defendant's Request for Specific Discovery [Doc. 35]. While arguably more of a notice than a motion, this particular pleading requests the Court to order the government to produce the information sought.

Specifically, the defendant requests various types of information regarding an alleged cooperating witness. In particular, the defendant alleges that during a conversation with another local attorney, this case was being discussed when it was disclosed that the other attorney had been appointed to represent a juvenile "who would be testifying against defendant in this case" and that the other attorney could not discuss the case further. Based on this conversation, and because defendant indicates that the other attorney is on this Court's CJA Panel and had been appointed to

represent the juvenile, the defendant argues that he has reason to believe this juvenile is, or had been advised that she is, in jeopardy of criminal charges and that defendant further has reason to believe that the juvenile has been promised some kind of a "deal" in exchange for her testimony. Accordingly, the defendant requests various information relating to any promises of immunity, leniency, preferential treatment, other inducements or payments made to, or any threats made to either this witness or her family. The defendant also seeks information regarding any past criminal activities of this witness. Defendant seeks this specific information (enumerated in ¶ 4 a-g) "under the doctrines of Brady" and requests that this Court order the government to "reveal the deal."

In the government's response [Doc. 40], the government argues that there is no general constitutional right to discovery in a criminal case and that Brady did not create one. Instead, the obligations imposed under Brady require the government to turn over evidence in its possession that is both (1) favorable to the accused, and (2) material to guilt or punishment. The government relies on United States v. Presser, 844 F.2d 1275 (6th Cir. 1988), for the proposition that when material is both Brady material and Jencks Act material that the Jencks Act applies with regard to the timing of disclosure, and that in most criminal prosecutions the Brady rule, Jencks Act and rule 16 of the Federal Rules of Criminal Procedure exhaust the universe of discovery to which the defendant is entitled. Finally, the government notes that it will abide by the requirements of Brady, but objects to providing the material requested by the defendant prior to trial.

To the extent the defendant is seeking to have the government produce a witness list (see ¶ 4 (a)), the Court finds the defendant is not entitled to such a witness list.

To the extent the defendant seeks to have the government reveal Brady materials that are both favorable to the defendant and material to defendant's guilt or innocence Brady v.

Maryland, 373 U.S. 83 (1963), this Court's Order on Discovery and Scheduling [Doc. 12, pursuant to ¶ E] already orders the government to reveal such exculpatory evidence. In addition, that paragraph also orders the government to reveal impeachment evidence per United States v. Bagley, 473 U.S. 677 (1985). However, the Order also provides that the timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988), which provides the "in time of use at trial" timing requirement.

The Court finds that the government is correct that Presser, Id., also holds if the impeachment and/or exculpatory evidence is also Jencks Act "statements," then the Jencks Act controls. While the Court notes that the government states that it resists providing the materials requested prior to trial, the Court also notes that paragraph O of the Order on Discovery and Scheduling also strongly encourages that Jencks Act materials be revealed as soon as possible, and well before the testimony of the government witnesses, in order to avoid interruption at trial. The Court notes that the practice of the United States Attorney's Office has been represented as, and is understood by the undersigned to be, that their compliance with this paragraph is such that Jencks Act materials are revealed prior to trial, rather than at trial, and after the witness has testified. The Court expects and anticipates that this practice will remain in effect absent good cause to the contrary.

The Court finds that given the defendant's purported knowledge of the person involved and the nature and extent of her alleged involvement, that revealing the information requested prior to trial would meet the "in time for use at trial" requirement.

To the extent the defendant seeks juvenile records or juvenile information that defendant speculates may be part and partial of the government's "deal" with the witness, the Court

notes that the government is under a duty to learn of favorable evidence known to others acting on the government's behalf in this case. The Court furthermore notes that the government acknowledges its understanding of its duties and has represented its intent to abide therewith.

Finally, although referenced as a Request For Specific Discovery, the Court also finds that the defendant's requests herein are considerably similar to, if not subsumed within, the defendant's prior Request For Disclosure Of Exculpatory Evidence [Doc. 22], which the Court addressed in its previous Memorandum and Order [Doc. 24].

For the aforementioned reasons and in light of this Court's prior Orders, the defendant's Motion **[Doc. 35]** is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                  **ENTER:**

                                                  <u>s/ C. Clifford Shirley, Jr.</u>
                                                  United States Magistrate Judge