UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:05-CR-112 |
| V. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| | ) | |
| MELVIN EUGENE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on March 9, 2006, upon the Government's Second Motion To Quash Subpoena [Doc. 56-1], which was filed on March 8, 2006. Assistant United States Attorney Steve Cook was present representing the government. Attorney Chris Oldham was present representing Defendant Davis. The defendant was not present. In support of this motion, the government argues that (1) the subpoena has been modified from the version issued by the Court in that it directs the witness to appear at the office of the Defendant's attorney, Mr. Oldham, and (2) it requires the production of materials without required court approval.

Rule 17 of the Federal Rules of Criminal Procedure permits a subpoena ad testificandum or a subpoena duces tecum to be issued only for the purpose of compelling the attendance of witnesses or the production of evidence at a *formal proceeding*. United States v. DeBolt, 9 F.3d 110, 1993 WL 337521, ** 4 (Aug. 31, 1993 6th. Cir.) (emphasis added) (citing, United States v. Keen, 509 F.2d 1273, 1275 (6th Cir. 1975) (per curiam)). Furthermore, Rule

17(b) provides in pertinent part:

> The court shall order at any time that a subpoena be issued upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense.

Fed. R. Crim. P. 17(b). In other words, a defendant is not automatically entitled to a Rule 17(b) subpoena. In addition to alleging indigence, the defendant must first make a preliminary showing that the witness is "necessary to an adequate defense." United States v. Reaves, 194 F.3d 1315, 1999 WL 824833, ** 2-3 (Oct. 5, 1999 6th Cir.).

At the March 9 hearing, the Court asked Attorney Oldham whether he had any legal authority to support his subpoena [Doc. 56-2], which directs the witness to appear at his office rather than Court, and Attorney Oldham conceded that he did not. The Court construes Debolt, Keen and Reaves to stand for the proposition that neither the defendant nor the government can issue subpoenas to witnesses commanding their attendance at a "pretrial meeting or interview" at their office. Instead, Rule 17 only permits a subpoena to be issued for the purpose of compelling the attendance of witnesses or the production of evidence at a formal proceeding. Accordingly, the Court **GRANTS** the Government's Second Motion To Quash Subpoena [**Doc. 56-1**]. The Court is not, however, ruling that a subpoena in this case would be improper if the witness was directed to appear and produce the documents at trial.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge