UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CR-112 |
| ) | (VARLAN/SHIRLEY) |
| MELVIN DAVIS, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. In particular, pursuant to 28 U.S.C. § 636(b)(1)(A), the defendant's Motion For Continuance, Sanctions and Release of Defendant Pending Trial [Doc. 60] has been referred to the undersigned to the extent defendant requests the imposition of sanctions and release of the defendant pending trial [Doc. 65]. Assistant United States Attorney Steve Cook represented the government. Attorney Christopher Oldham represented the defendant.

By way of brief chronology, this matter was set for trial on March 14, 2006. A final Pretrial Conference was held on March 8, 2006 before District Judge Thomas A. Varlan, at which time a discussion was held regarding the alleged late production of a videotaped statement of the defendant followed by a discussion of the facts surrounding that videotape, including a polygraph examination of the defendant. During this discussion, AUSA Cook mentioned the results of that polygraph examination. Attorney Oldham indicated that he was inclined to file a motion seeking

1

to exclude the tape and the statement on the tape because of its late production. At that pretrial conference, Attorney Oldham also indicated that he was not asking for a continuance but needed to review the videotape before making a decision to that effect. Judge Varlan gave the parties until Friday, March 10, 2006 to file any additional motions.

On March 10, 2006, the defendant filed a Motion For a Continuance, Sanctions and Release of Defendant Pending Trial [Doc. 60]. On Saturday, March 11, 2006, Judge Varlan held a telephone conference between defense counsel Oldham and AUSA Cook regarding that part of the defendant's motion relative to a trial continuance. After hearing discussion of that motion during the telephone conference, the Court granted the defendant's Motion to Continue. Thereafter, Judge Varlan issued an Order stating that the defendant's Motion For a Continuance "seeks a continuance of the trial of this case previously set for Tuesday, March 14, 2006 to allow defendant additional time to prepare in light of newly disclosed evidence. The government does not oppose a short continuance." The Court went on to make speedy trial findings and to find that additional time was needed to allow for effective trial preparation by all parties and the portion of the motion requesting a trial continuance was granted [Doc. 71]. The remaining portions of the defendant's motion, particularly the requests for imposition of sanctions and the release of the defendant pending trial, were referred to the undersigned for consideration and determination [Doc. 65].

While the written motion appears to be limited to a request for sanctions against AUSA Cook for his alleged disclosure of the results of a polygraph examination, defense counsel also raised the issue of the late production of the videotape during arguments at both hearings on this motion, held on March 13 and March 16, 2006. In addition to the prayer for relief contained in the defendant's motion [Doc. 60], including dismissal of the indictment, continuance of the trial or

2

admonishment of the United States Attorney's Office, the defendant also requested, during oral argument on this motion, the exclusion of any testimony of Officer Anders. On March 14, 2006, the defendant filed a Supplement to the Motion For Continuance, Sanctions and Release of Defendant Pending Trial [Doc. 70] adding additional facts and argument relative to his claim of improper pretrial publicity.

Inexplicably, the government filed no written response to either motion[1]. In light of the fact that (1) the defendant filed this motion on March 10, 2006, (2) Judge Varlan conducted an expedited telephone conference on March 11, 2006, (3) an expedited hearing was held with the undersigned on March 13, 2006, discussing these matters and then (4) given the seriousness of the allegations, including but not limited to, the request for sanctions against him personally, the Court finds AUSA Cook's lack of response at best inexplicable, if not inexcusable.

As the defendant's single motion contains three (3) different motions within it, the Court will address each separately.

*1. Motion For Continuance:*

Initially, the Court notes that Judge Varlan has already granted a continuance of the case [Doc. 71] from March 14, 2006 until April 18, 2006. Judge Varlan's Order reflects that the defendant sought a continuance of the trial to allow him additional time to prepare for trial, in light of newly discovered evidence (i.e., the videotaped statement). Furthermore, both Referral Orders [Docs. 65 and 72] reflect that the referral to the undersigned is limited to that part of the defendant's

---

[1] When questioned about this in Court at the hearing on March 16, 2006, AUSA Cook indicated that he had been too busy to file a response.

motion which requests imposition of sanctions and release of the defendant prior to trial. In other words, the Court will not address the defendant's request for continuance because the case has already been continued by Judge Varlan.

*2. Motion For Sanctions:*

Federal Rules of Criminal Procedure Rule 16(d)(2) invests the Court with broad discretion in coping with discovery order violations:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such order as it deems just under the circumstances.

See United States v. Hamilton, 128 F.3d 996, 1003 (6th Cir. 1997). As a general matter the Court must weigh the defendant's right to compulsory process against the countervailing public interest: (1) the integrity of the adversary process, (2) the interest in the fair and efficient administration of justice, and (3) the potential prejudice to the truth-determining function of the trial process. Id. at 101 (citing, Taylor v. Illinois, 484 U.S. 400, 414-15 (1988). More specifically, the Court must consider the nature of the explanation given for the party's failure seasonably to abide by a discovery request pursuant to Court [Order], the willfulness of the violations, including whether it acted intentionally or in bad faith, and (3) whether the degree of prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess. Id. at 101; United States v. Maples, 60 F.3d 244, 247 (6th Cir. 1995). Noting that many courts[2] have adopted

---

[2] See United States v. Dennison, 891 F.2d 255 (10th Cir. 1989), *cert. denied*, 496 U.S. 937 (1990); United States v. Bentley, 875 F.2d 1114, 1118 (5th Cir. 1989).

the position of favoring imposition of the least severe remedy available to cure prejudice, the Sixth Circuit in Maples stated that "District Courts should embrace the 'least severe sanction necessary' doctrine and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives." Id. at 247.

With regard to the part of the defendant's motion seeking sanctions, the defendant's request for dismissal of the indictment is **DENIED**. Even if this Court deemed that such sanctions were in order, the Sixth Circuit appears to instruct that in situations like this, the Court is counseled to consider the least severe remedy available. Maples, 60 F.3d at 247. In that case, growing out of this Court, and involving the late production of a videotape of the defendant making an inculpatory statement, the Court found that the violation was not deliberate and that the defendant was not specifically prejudiced, but that the government had failed to exercise due diligence and that suppression was the proper remedy. Id. at 246. The Sixth Circuit, however, noted that the defendant's alleged prejudices of waste of time and disadvantages were too intangible and speculative to conclude that they were meaningful prejudices resulting from the delay. Id. The Sixth Circuit went on to state that the District Court should embrace the "least severe sanction necessary doctrine...." Id. at 247.

In this case, the undersigned also finds that no intentional violation occurred, as the undersigned neither believes the violation was deliberate, nor believes there was any bad faith misconduct on the part of the government. The undersigned does, however, find that the government failed to exercise due diligence in checking with its agents that were involved in this case and in determining whether or not the videotape in question existed. However, in light of the fact that (1) the videotape does not appear to add anything substantial to the defendant's defense,

5

(2) the government has indicated that it has no intention of using the videotape in its case-in-chief, and (3) the trial has been continued, permitting sufficient time for the defendant to prepare to address the videotape, the Court finds that the government's late disclosure has resulted in no specific prejudice to the defendant other than the continuance of the trial date.

In light of the above finding, the Court also finds that the sanction of excluding or suppressing either the testimony of Officer Anders or the videotape, or dismissing the indictment in its entirety, are sanctions too severe to be properly considered. Furthermore, the undersigned finds that the negligence involved in not obtaining the videotape was due, in part, to a lack of communication between AUSA Cook and his local law enforcement officers, including Officer Gilreath and Officer Anders, regarding the local Knoxville Police Department policy on videotaping. Nonetheless, the Court believes that its colloquia with AUSA Cook at the recent hearings, and in the presence of Officer Gilreath, leaves no doubt in their minds as to the Court's expectations in this matter. Likewise, the Court has little doubt of their understanding of the need to comply with discovery of such matters in the future. Accordingly, nothing further, in the way of sanctions, appears necessary.

Additionally, as to the issue of the statements made by AUSA Cook regarding the results of the polygraph exam, the Court finds that, in reading the transcript of the hearing in context, it does appear that this matter was raised by defense counsel. Thus, the Court accepts AUSA Cook's representation that he had no reason to believe the matter was going to be raised, that it was a surprise to him that it was raised, and that he felt obligated to discuss all the facts with Judge Varlan once it was raised. While the Court disagrees with AUSA Cook's statement regarding the results of the polygraph, the Court, in reviewing the transcript and hearing argument of both counsel, finds

that this statement was inadvertent, was certainly not belabored, and was not made in bad faith or with the intention that it be printed in the newspaper.

Despite publication of the newspaper articles, the Court finds that the continuance of the trial, which has already been granted in this matter, should serve to reduce the potential prejudice resulting from such statement and publication. The Court agrees with the defendant, who noted in his motion [Doc. 60], that a continuance was necessary in order "to have a meaningful time period pass so that the improper information put before the public will have time to fade from their memories....[and to] allow any harm caused by the government's improper statements to pass." The Court finds that the existence of any actual prejudice in this matter is speculative and intangible at this point, although admittedly potential. However the affect, if any, of the publicity on the jury pool or any individual juror is unknown, and the Court would have to speculate as to whether any juror was actually aware of, or exposed to, the information (ie. the newspaper article) and actually read it.

Furthermore, in order to accept the defendant's argument that "the potential jury pool is irretrievably tainted" [Doc. 70], the Court would also have to assume that a juror who did read the article would not be able to lay aside any impression or opinion, if any, that they formed and render a verdict based solely on the evidence presented in Court. Since the jury will be (1) charged to consider only evidence heard in Court, and not outside evidence, (2) will be counseled to refrain from reading accounts of the trial, and (3) will be subject to effective voir dire, the Court is unwilling to accept that jurors will violate both the law and their sworn duty to answer questions honestly and to render their verdict based solely on the evidence presented in Court.

7

Finally, the Court is unwilling to assume the fact of an impartial jury pool or juror based solely on a newspaper article. In this case, any prejudice can be cured not only by the dissipation provided by the additional time resulting from the trial continuance, but also by effective voir dire on this issue. This will allow the Court and counsel to ascertain if the jurors have been exposed to such publicity and/or influenced thereby. Counsel can seek to examine all jurors in generic terms, and if any juror should so identify themselves as being familiar with this type of information, that juror could be examined individually and outside the presence of the other jurors.

Accordingly, for all the foregoing reasons, the defendant's motion, to the extent that it seeks sanctions [**Doc. 60**], is **DENIED**, except as stated herein.

*3. Motion For Release Of Defendant Pending Trial*:

Initially, the Court notes that it had previously set this case for a detention hearing in August, 2005. On August 29, 2005, at the time of the scheduled hearing, the defendant waived his right to a detention hearing [Doc. 6], reserving the right to request one at a future date, and the Court thereafter entered an Order of Detention [Doc. 7]. At the March 16 hearing, defense counsel acknowledged that the defendant had never asked for a detention hearing and stated that he was not asking for a detention hearing at this time. Defense counsel further conceded that he was not seeking a re-opening of the detention hearing under § 3142(f), as this was not an option because he had no new information that was unknown to him at the time of the detention hearing which would be material within the terms of the statute. He also conceded that he was not seeking, by way of motion, a revocation or amendment of the previous detention order under 18 U.S.C. § 3145(b). Rather, he was only asking that the defendant be released as part of the sanctions for (1) the

8

government's late disclosure of the videotape, (2) the government's improper statements regarding the polygraph, and (3) the fact that the defendant would have to remain in jail for an additional month as a result of the trial continuance. After additional argument, discussion and a recess, in which defense counsel specifically discussed this matter with the defendant, defense counsel announced that the defendant was not asking for a detention hearing or determination at this time.

The Court does not find that the issue of detention or release is to be determined based on the conduct of counsel, as it does not appear that this is a factor for the Court to consider pursuant to 18 U.S.C. § 3142(g). Furthermore, whether the defendant is a flight risk or a danger to the safety of others or the community and/or whether there are conditions of release that would reasonably assure the appearance of the defendant as required and/or the safety of others in the community, is not resolved (in the defendant's favor or otherwise) even if the prosecutor provided a piece of evidence late and/or made a misstatement in Court, either of which might result in the short continuance of trial. Absent a finding under the Bail Reform Act, and in light of the defendant's desire not to request a detention hearing, the portion of defendant's motion [**Doc. 60**] seeking his release pending trial is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge