IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 3:05-CR-112 |
| V. ) | (PHILLIPS/SHIRLEY) |
| ) | |
| MELVIN DAVIS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Counsel for defendant who has been appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved by way of his Motion For Certification Pursuant to 18 U.S.C. § 3006A(d)(3) [Doc. 58], for interim payment for attorney compensation and for expenses. Counsel also desires a waiver of the case compensation maximum limit of $7,000 per felony case for each defendant.

Payment in excess of the $7,000 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3). Also, for services in the nature of investigative and expert services there is a limit of $500 without prior approval of the court and $1,600 without approval of the circuit court. 18 U.S.C. § 3006A(e).

In the present case, counsel for the defendant states in his motion [Doc. 58] that the defendant has been charged with two separate offenses in the same indictment, essentially causing counsel to prepare for trial on two separate matters that would ordinarily be the subject of two trials. Specifically, the defendant is charged in the Superceding Indictment [Doc. 15] in Count One with possession with intent to distribute cocaine base on March 9, 2005 and in Count Two with possession with intent to distribute cocaine base on August 24, 2005, on or within 1,000 feet of a public secondary school. Counsel also states that there have been several complex discovery issues that have required extensive research and motion practice.

The following regulation is pertinent to the question of whether or not the $7,000 maximum on compensation should be waived:

> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or magistrate and approved by the chief judge of the circuit (or by an active circuit judge to whom excess compensation approval authority has been delegated).
>
> In determining if an excess payment is warranted, the court or magistrate and the chief judge of the circuit (or an active circuit judge to whom excess compensation approval authority has been delegated) should make a threshold determination as to whether the case is either extended or complex. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case is "complex." If more time is reason-ably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard: responsibilities involved measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and

> judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee.

*Appointment of Counsel in Criminal Cases*, Volume VII, *Guide to Judiciary Policies and Procedure*, Chapter II, Part C, § 2.22(b)(3) (hereinafter *Guide to Judiciary Policies and Procedures*). Case compensation limits apply only to attorney fees. There is no limit on the presiding judge's authority to reimburse <u>expenses</u> of counsel except as to compensation for investigators and other experts as explained above. 18 U.S.C. § 3006A(e); *Guide to Judiciary Policies and Procedures*, Ch. II, § 2.22B(1)(i).

This case is currently set for trial on April 18, 2006. A number of difficult legal issues have been raised, including issues surrounding an alleged polygraph examination that defendant is alleged to have taken. Accordingly, defense counsel has been required to engage in extensive research and motion practice, including expedited telephone conferences and hearings. Because of the nature and seriousness of the charges asserted in the indictment, and the unusual issues raised, it is my opinion that this case meets the definition of "complex" and "extended" as set out above and that excess payment may well be necessary to provide fair compensation to counsel. Of course, each voucher will be scrutinized by the court and a determination will be made of whether a fair and reasonable fee is claimed.

It is also my opinion that it is necessary and appropriate to approve interim payments to counsel for fees and out-of-pocket expenses. *See Guide to Judiciary Policies and Procedures*, Ch. II, § 2.30.

For the reasons indicated, it is **RECOMMENDED** that the court sign and forward the attached "Memorandum and Order Concerning Excess and Interim Payments" to the Chief Judge of the Circuit or his designee. This procedure is approved in Chapter II and Appendix E to the *Guide to Judiciary Policies and Procedures*. If the Chief Judge or his designee approves the request, the regulations provide that the court should then take the following steps:

>   1. the memorandum and order concerning excess and interim payments should be filed with the clerk; and
>
>   2. a copy of that document should be sent to the Criminal Justice Act Claims Section, Financial Management Division, Administrative Office, United States Courts.

Appendix E, *Guide to Judiciary Policies and Procedures*.

For the reasons indicated, it is **RECOMMENDED** that the Motion For Certification Pursuant to 18 U.S.C. § 3006A(d)(3) [**Doc. 58**] be **GRANTED** pursuant to the procedures in the *Guide to Judiciary Policies and Procedures* and as set out above.[1]

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).