UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:05-CR-112-TAV-CCS |
| | ) | | 3:15-CV-310-TAV |
| MELVIN EUGENE DAVIS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant's motion to correct an illegal sentence [Doc. 163][1] and Plaintiff's motion to dismiss [Doc. 164].

Currently, Defendant is an inmate at Manchester Federal Correctional Institution in Manchester, Kentucky. In 2006, Defendant was tried and convicted in this Court for possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possessing with intent to distribute crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 860 and 841(a)(1), (b)(1)(C). The Court sentenced Defendant to 262 months' imprisonment [Doc. 111]. His convictions and sentence were affirmed on direct appeal. *United States v. Davis*, 514 F.3d 596 (6th Cir. 2007), *cert. denied*, 129 S. Ct. 57 (2008). Defendant filed a motion pursuant to 28 U.S.C. § 2255, which this Court denied in 2012 [Doc. 154]. For reasons stated below, the Court will first address Plaintiff's motion to dismiss.

In the pending motion to dismiss, Plaintiff requests the Court to dismiss Defendant's "Motion to Correct an Illegal Sentence Pursuant to Tennessee Rule of Criminal Procedure 36.1" [Doc. 163]. In his motion, Defendant alleges improprieties in two state criminal cases, which

---
[1] All references are to documents in Case No. 3:05-CR-112-TAV-CCS.

resulted in his 1997 Tennessee convictions for facilitation of second-degree murder and aggravated assault [*Id.*].

Plaintiff argues that Defendant's motion was intended to have been filed in state court, rather than in this Court [Doc. 164 p. 2]. In support of this argument, Plaintiff argues that Defendant "is challenging the validity of his prior Tennessee convictions in light of a Tennessee Rule of Criminal Procedure that would not ordinarily apply in federal court" [*Id.*]. Plaintiff also argues the case numbers typed on the motion appear to be state, not federal, case numbers [*Id.*]. Plaintiff notes that "[D]efendant is an experienced pro se litigant who has filed numerous prior pleadings in this Court bearing the correct case number," thus alleging that Defendant has not accidentally cited incorrectly in his pending motion [*Id.*]. Further, Plaintiff argues that the certificate of service indicates that the motion was mailed to the "Criminal Court Clerk" of the "Criminal Court for Knoxville, Tennessee," at 400 Main Avenue, Room 149 [*Id.*]. Plaintiff states that "the Knox County Criminal Court Clerk is, in fact, located in Room 149 of the City/County Building at 400 Main Avenue in Knoxville" and the address and room number is incorrect for the Howard H. Baker Federal Courthouse [*Id.*]. Finally, Plaintiff argues that Defendant's motion "articulates no legal basis upon which this Court could grant the requested relief: vacatur of one or more Tennessee state convictions" [*Id.*].

No response has been filed in opposition to Plaintiff's motion to dismiss and the time for doing so has passed. E.D. Tenn. L.R. 7.1.

The Court is in agreement with Plaintiff's above-stated arguments in support of its motion to dismiss. Upon reviewing Defendant's motion, the Court finds that it was intended to

2

have been filed in state court, rather than in this Court.[2] The Court finds Plaintiff's motion to dismiss [Doc. 164] is well taken and it is **GRANTED**. Thus, for the reasons stated herein, Defendant's "Motion to Correct an Illegal Sentence Pursuant to Tennessee Rule of Criminal Procedure 36.1" [Doc. 163] is **DENIED**.

    **IT IS SO ORDERED.**

                                      s/ Thomas A. Varlan
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[2] "In the interests of justice, the United States has forwarded a copy of [D]efendant's 'Motion to Correct an Illegal Sentence Pursuant to Tennessee Rule of Criminal Procedure 36.1' to the Knox County Criminal Court Clerk, to ensure that [D]efendant's motion was received by that office" [Doc. 164 p. 2].