UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MELVIN E. DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:05-CR-112-TAV-CCS-1 |
| ) | 3:16-CV-268-TAV |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

On May 26, 2016, Petitioner filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 169, 171]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) to investigate Petitioner's case to determine whether or not he was entitled to collateral relief. E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed a supplement in support of the original pro se petition [Doc. 175]. Both the petition and supplement challenge the propriety of his career offender designation under Section 4B1.1 of the United States Sentencing Guidelines in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) [*Id.*]. The request implicitly relies on *Pawlak v. United States*—in which the Sixth Circuit cited *Johnson*'s invalidation of the Armed Career Criminal Act's ("ACCA") residual clause as the basis for invalidating Section 4B1.2(a)(2)'s parallel provision, 822 F.3d 902, 911 (6th Cir. 2016) [*Id.* (suggesting that Petitioner's Tennessee aggravated assault and facilitation of second-degree murder convictions are no longer crimes of violence)].

On August 12, 2016, the United States responded with the suggestion that Petitioner's entitlement to collateral relief depends on whether or not *Johnson*'s impact on the Guidelines has

been made retroactively applicable to cases raised in the context of collateral review [Doc. 176 p. 2]. Noting that the Supreme Court has agreed to address this very issue next term in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), the United States requests that the Court stay its resolution of the instant petition pending that decision [*Id.* at 2–3].

In a recent published opinion, the Sixth Circuit recognized that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive." *In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016). While district courts are generally responsible for deciding, in the first instance, whether "*Pawlak* is a new rule or not," *Id.* at *4, multiple Sixth Circuit opinions have endorsed holding petitions similar to the instant one "in abeyance pending the Supreme Court's decision in *Beckles*," *Id.* at *4; *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *4 (6th Cir. Aug. 12, 2016). The justification for doing so is that, "[a]fter . . . [*Beckles*], the district courts will be well positioned to handle [*Johnson*-based challenges to the Guidelines] fairly and efficiently." *In re Embry*, 2016 WL 4056056, at *4. The propriety of such a stay is further reinforced by the fact that at least two panels from the Sixth Circuit have adopted contrasting predictions for what the *Beckles* decision will hold. *Compare Id.* at *4 ("If pressed to decide the question now, we would lean in favor of saying that *Pawlak* . . . . rests on a new rule of constitutional law that the Supreme Court has not recognized, much less made retroactive on collateral review."), *with In re Patrick*, 2016 WL 4254929, at *3 ("The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive [in the ACCA context] applies equally to the Guidelines.").

For the reasons discussed, the Court agrees that issuance of a stay is appropriate under the circumstances. Accordingly, United States' request [Doc. 176] is **GRANTED** and the action

[E.D. Tenn. Case No. 3:16-CV-268-TAV] is **STAYED** pending the decision in *Beckles*. The parties are **DIRECTED** to file a joint status report within **thirty (30) days** of that decision.

Also before the Court is the United States's July 5, 2016 request that this Court defer ruling on Petitioner's pro se petition until FDSET has an opportunity to brief the issue [Doc. 174]. Such a stay became unnecessary when FDSET filed its supplement in support on July 8, 2016 [Doc. 175]. Accordingly, the motion [Doc. 174] is **DENIED as moot**.

    **IT IS SO ORDERED.**

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE