UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MELVIN E. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:05-CR-112-TAV-CCS-1 |
| | ) | 3:16-CV-268-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's supplemented successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 169, 171, 175, 182].[1] Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 179]. In response, Petitioner filed a motion acknowledging that the intervening decision foreclosed relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), but requesting that the Court still consider his alternative grounds for relief [Docs. 182, 184]. Also before the Court are FDSET's motions to withdraw as counsel [Doc. 181] and for a 30-day extension for the submission of additional pro se arguments [Doc. 180]. For the reasons below, the motion to withdraw [Doc. 181] will be **GRANTED**, the request for an extension of time to amend [Docs. 180] will be **DENIED**, the motion to deny and dismiss [Doc. 179] will be

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether Petitioner was eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Petitioner filed the original § 2255 petition on May 26, 2016 [Doc. 169]. He filed the first of two pro se supplements on June 8, 2016 [Doc. 171]. Consistent with their appointment under the Standing Order, FDSET filed a supplement in support on July 8, 2016 [Doc. 175]. Recently, Petitioner filed a second pro se supplement on April 7, 2017 [Doc. 182]. The Court will treat these filings as a single petition for collateral relief.

**GRANTED,** and the supplemented § 2255 petition [Docs. 169, 171, 175, 182] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In 2006, a jury convicted Petitioner of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One), and possessing cocaine base within intent to distribute within one thousand feet of a public school, in violation of 21 U.S.C. §§ 860(a) and 841(a)(1), (b)(1)(C) (Count Two) [Docs. 93, 103, 111]. Based on at least two prior convictions—facilitation of second-degree murder and aggravated assault, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with a Guidelines range of 262 to 327 months' imprisonment [*See generally* Presentence Investigation Report (PSR)]. In accordance with that designation, this Court sentenced Petitioner to an aggregate term of 262 months' incarceration—a 240-month term for Count One and a concurrent 262-month term for Count Two [Doc. 111]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence [Doc. 116]. The Supreme Court denied Petitioner's request for a writ of certiorari on October 27, 2008 [Doc. 119].

On June 11, 2009, Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence under § 2255 [Doc. 122]. This Court denied that petition on the merits in a Memorandum Opinion and Judgment Order on September 17, 2012 [Docs. 154, 155]. On June 26, 2015, the Supreme Court decided *Johnson*, which held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. Petitioner sought and obtained authorization from the Sixth Circuit to submit a successive § 2255 petition challenging his career offender designation based on that newly-issued decision [Doc. 167].

On May 26, 2016, Petitioner field the instant pro se motion under § 2255 [Doc. 169]. During pendency of the motion, Petitioner filed numerous supplements [Docs. 171, 175, 182]. As supplemented, the § 2255 motion includes the following grounds for relief: (1) the *Johnson* decision removed facilitation of second-degree murder and aggravated assault from Section 4B1.2's definition of "crime of violence" and, without those convictions, Petitioner lacks sufficient predicates for career offender enhancement; (2) Petitioner's enhanced sentence violates the Eight Amendment prohibition against cruel and unusual punishment because it exceeds the top of his unenhanced Guidelines range; and (3) Petitioner's career offender enhancement violates due process because it was imposed based on "inaccurate information" and false predicate offenses.

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 178].

On March 24, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles* [Doc. 179]. Petitioner filed a motion to "proceed pro se" in response.

On March 31, 2017, FDSET filed two motions: one asking to withdraw as appointed counsel under the Standing Order in light of *Beckles* [Doc. 181 (explaining that she cannot

3

further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)]; and another requesting that the Court grant Petitioner leave and a 30-day extension of time to file additional *pro se* grounds for collateral relief [Doc. 180].

## II. RESOLUTION OF NON-DISPOSITIVE MOTIONS

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw [Doc. 181] will be **GRANTED** and counsel will be relieved of her duties under the Standing Order.

The request for an extension to file additional pro se claims [Doc. 180] will also be **DENIED**.

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Petitioner filed the original petition on May 26, 2016 [Doc. 169]. At no point during the ten-month period leading up to the *Beckles* decision did Petitioner attempt to supplement his original claims with these yet-to-be-filed grounds for relief. In light of this unjustified delay, an extension would be inappropriate.

## III. MOTION TO DISMISS WITH PREJUDICE

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles*. In response, Petitioner filed a motion to "proceed pro se" in which he concedes that *Beckles*

4

forecloses *Johnson*-based relief from his career offender enhancement, but requests that the Court "still address [his] other two issues," i.e., the "Eighth Amendment" and "due process" claims [Docs. 182, 184]. The Court interprets Petitioner's concession on the impact of *Beckles* as a waiver of opposition to dismissal of his *Johnson*-based claim. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

For the reasons that follow, the motion to deny and dismiss will be **GRANTED**

## IV. SUPPLEMENTED PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

B.  Analysis

As previously discussed, Petitioner's successive § 2255 motion contains three grounds for relief: the *Johnson* decision removed facilitation of second-degree murder and aggravated assault from Section 4B1.2's definition of "crime of violence" and, without those convictions, Petitioner lacks sufficient predicates for career offender enhancement (Ground One); Petitioner's enhanced sentence violates the Eight Amendment prohibition against cruel and unusual punishment because it exceeds the top of his unenhanced Guidelines range (Ground Two); and Petitioner's career offender enhancement violates due process because it was imposed based on "inaccurate information" (Ground Three). The United States opposes the first ground because facilitation of second-degree murder and aggravated assault remain predicates under Section 4B1.1 in light of *Beckles* [Doc. 179], and the second and third grounds because they fall outside the scope of claims that the Sixth Circuit authorized this Court to consider in its Order authorizing the submission of a second petition seeking relief based on the newly recognized right in *Johnson* [Doc. 183].

1.  Ground One: Categorization as a Career Offender After *Johnson*

To the extent that Petitioner challenges his career offender designation based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. Because *Beckles* forecloses *Johnson*-based relief from Petitioner's Guideline enhancement and because this Court interprets Petitioner's concession regarding *Beckles* impact as a waiver of opposition to dismissal of that claim, the motion to deny and dismiss will be granted.

### 2. Grounds Two and Three: Eighth Amendment and Due Process Claims

To the extent that Petitioner predicates his Eighth Amendment and Due Process theories on the assumption that this Court improperly categorized him as a career offender based on offenses—facilitation of second-degree murder and aggravated assault—that only qualified as crimes of violence under the Guidelines residual clause, that argument fails because the Guidelines residual provision remains in effect and, thus, Petitioner remains a career offender. *See* United *States v. Bell*, 575 F. App'x 598, 601 (6th Cir. Aug. 5, 2014) (holding, prior to *Johnson* and in the context of the ACCA, that those versions of Tennessee aggravated assault which do not qualify as predicates under the use-of-physical-force clause do so under the residual clause); *Campbell v. United States*, No. 3:12-cv-551-PLR, 2016 WL 775771, at *6 (E.D. Tenn. Feb. 24, 2016) ("Campbell's convictions for facilitation of second-degree murder would also qualify as a predicate offense under *United States v. Gloss*, 661 F.3d 317 (6th Cir. 2011)."). Because this Court properly enhanced Petitioner's Guidelines range, imposition of a sentence within that range cannot be characterized as cruel and unusual punishment or a deprivation of due process.[2] In alternative, assuming that those same theories of relief are independent of and wholly unrelated to Petitioner's *Johnson*-based career offender challenge, this Court finds that it lacks jurisdiction to resolve them.

---

[2] To determine whether an offense qualifies as a crime of violence under Section 4B1.1, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation of the statute invariably involves the use, attempted use, or threatened use of violent force or falls within the generic definitions of burglary, arson, or extortion, then the conviction categorically qualifies as a crime of violence and the courts' task is complete. It is only when the statute criminalizes conduct in excess of that covered by Section 4B1.2, that courts must determine whether the statute is divisible or indivisible.

Under the "Antiterrorism and Effective Death Penalty Act of 1996," a petitioner cannot file a second or successive claim under § 2255 in the district court until he has moved in the United States Court of Appeals for an order authorizing the district court to consider that theory of collateral relief. 28 U.S.C. § 2255(h); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the appellate] court, the district court shall transfer the document."). The Sixth Circuit said the following in its Order authorizing the instant petition:

> Davis now moves for authorization to file a second or successive motion to vacate. He argues that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he should not be subject to an enhanced sentence as a career offender because his prior convictions no longer qualify as "crimes of violence" under [Section] 4B1.2(a). . . . We may authorize the filing of a second or successive motion to vacate when the movant makes a prima facie showing that his proposed claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Because *Johnson* announced a new, substantive rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016), and Davis has made a prima facie showing that he is entitled to relief, we **GRANT** his application and **AUTHORIZE** the district court to consider his proposed motion.

[Doc. 167 pp. 2–3]. Because the Sixth Circuit based its reasoning on the novelty and retroactive nature of *Johnson*'s holding, this Court interprets the grant of authorization as limited to those claims in Petitioner's supplemented § 2255 motion which either assert or rely on the "newly recognized" right from *Johnson*. *Accord Ziglar v. United States*, 201 F. Supp. 3d 1315, 1320–21 (M.D. Al. Aug. 11, 2016) (rejecting Petitioner's attempt to raise *Descamps*-based claim where Eleventh Circuit granted authorization for successive petition based on *Johnson*). To the extent that Petitioner would like this Court to consider the merits of his alternative theories of collateral attack, he must first seek authorization for those specific claims in accordance with § 2255(h)(2).

## IV. CONCLUSION

For the reasons discussed above, the motion to withdraw [Doc. 181] will be **GRANTED**, the request for an extension of time to amend [Docs. 180] will be **DENIED**, the motion to deny and dismiss [Doc. 179] will be **GRANTED,** and the supplemented § 2255 motion [Docs. 169, 171, 175, 182] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE