MELVIN E. DAVIS,                    )
                                    )
            Petitioner,             )
                                    )
v.                                  )        Nos.:  3:05-CR-112-TAV-CCS-1
                                    )               3:16-CV-268-TAV
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

## MEMORANDUM AND ORDER

Presently before the Court are two pro se motions filed by Petitioner Melvin E.

Davis: (1) a motion for reconsideration of the Court's judgment order entered on April 26,

2017, which denied his supplemented second motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255 [Doc. 187]; and (2) a motion for relief under Federal Rule

of Civil Procedure 60(b) seeking to set aside the judgment and sentence imposed on August

31, 2006 [Doc. 188].[1]

For the following reasons, Petitioner's motion for reconsideration [Doc. 187] will

be **DENIED**.  Further, because Petitioner's Rule 60(b) motion does not challenge the

integrity of the § 2255 proceedings but instead seeks to add a new claim for relief

challenging the sentence imposed by the Court in 2006, it properly is to be construed as

another § 2255 motion.  Accordingly, Petitioner's Rule 60(b) motion [Doc. 188] will be

---

[1] Petitioner's Rule 60(b) motion [Doc. 188] and affidavit of facts and memorandum of law
in support of that motion [Doc. 189] subsequently were refiled together as another Rule 60(b)
motion [Doc. 190].  Because Document 190 is identical to Documents 188 and 189, the Clerk is
**DIRECTED** to terminate Document 190.

**TRANSFERRED** to the Sixth Circuit Court of Appeals, in accordance with 28 U.S.C. § 1631, for authorization to consider it as a successive § 2255 motion as required under § 2244(b)(3).

## I. BACKGROUND

In 2006, a jury convicted Petitioner on both counts of a two-count superseding indictment [Doc. 15], which charged him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession with intent to distribute cocaine base within one thousand feet of a public school, in violation of 21 U.S.C. §§ 860(a) and 841(a)(1), (b)(1)(C) (Count Two) [Doc. 93]. A presentence investigation report ("PSIR") identified two prior convictions of a "crime of violence" (facilitation of second degree murder and aggravated assault) that qualified Petitioner as a career offender under §§ 4B1.1(a) and 4B1.2(a) of the United States Sentencing Guidelines ("USSG"). Based on his career-offender designation, Petitioner was sentenced to a term of imprisonment of 262 months, consisting of 240 months as to Count One and 262 months as to Count Two, to be served concurrently [Doc. 111]. Petitioner's conviction and sentence were affirmed on direct appeal [Doc. 116], and his request for a writ of certiorari was denied [Doc. 119]. Petitioner later filed his first § 2255 motion [Doc. 122], which this Court denied on the merits [Docs. 154, 155].

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague, in violation of the Due Process

Clause. 135 S. Ct. at 2563. Petitioner then obtained authorization from the Sixth Circuit to submit a second-or-successive § 2255 motion challenging his career offender designation on the ground that the identically worded residual clause of § 4B1.2(a)(2) of the USSG is, likewise, void for vagueness in light of *Johnson* [Doc. 167].

Petitioner filed a pro se § 2255 motion [Doc. 169], a pro se supplement [Doc. 171], and a pro se memorandum of law in support [Doc. 172] arguing that his convictions for facilitation of second-degree murder and aggravated assault no longer qualify as "crimes of violence" in light of *Johnson*. Federal Defender Services then filed an amended § 2255 motion [Doc. 175] on Petitioner's behalf, expounding the *Johnson* claim.

While these motions were pending, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), holding that the advisory USSG "are not subject to a vagueness challenge under the Due Process clause" and that, as a result, the residual clause of the definition of "crime of violence" set forth in the USSG "is not void for vagueness." *Beckles*, 137 S. Ct. at 892. Petitioner subsequently filed a pro se amended § 2255 motion [Doc. 175] acknowledging *Beckles* but indicating that he would like the Court to consider two other issues: (1) that his 262-month sentence violates the Eighth Amendment; and (2) that his sentence is "illegal" and violates due process because the PSIR contained "inaccurate information" that his two prior predicate offenses qualify as convictions for a "crime of violence," which was, for all practical purposes, merely a reformulation of his *Johnson* claim [Doc. 182].

On April 26, 2017, the Court denied Petitioner's § 2255 motion and all of his supplemental motions [Docs. 185, 186]. The Court found that *Beckles* forecloses any possibility of *Johnson*-based relief and dismissed his *Johnson* claim [Doc. 185 p. 5]. With respect to the claims raised in Petitioner's post-*Beckles* supplemental motion, the Court held that, to the extent Petitioner was predicating his Eighth Amendment and Due Process theories on the assumption that he was improperly classified as a career offender under the residual clause of the USSG, the argument fails because the residual clause of the USSG remains in effect [*Id*. p. 7]. Moreover, the Court held that, to the extent Petitioner was trying to raise Eighth Amendment and Due Process claims independent of and wholly unrelated to his *Johnson*-based career offender challenge, it lacks jurisdiction to consider such claims because the Court's grant of authorization from the Sixth Circuit was limited to consideration of claims asserting or relying on the "newly recognized" *Johnson* right [*Id*. pp. 7–8].

On May 1, 2017, Petitioner filed a pro se "motion to clarify or motion to reconsider" the Court's April 26, 2017, judgment denying his § 2255 motions, arguing that he was not trying to raise new claims in his supplement, but rather that the claims set forth in that motion were presented to the Sixth Circuit in his initial application for authorization to file a second-or successive-petition and therefore were properly before the Court for consideration [Doc. 187].

On August 7, 2017, Petitioner filed a motion for relief under Federal Rule of Civil Procedure 60(b), asserting, for the first time, that his predicate convictions for facilitation

of second-degree murder and aggravated assault improperly were counted as separate offenses under USSG § 4A1.1 but were consolidated for sentencing in the Tennessee state court and thus do not count as independent convictions. Therefore, so Petitioner's argument goes, he lacks the two felony convictions required to qualify for the career-offender designation under USSG §§ 4B1.1(a) and 4B1.2(c) [Doc. 188].

## II. ANALYSIS

### A. Motion for Reconsideration

The Court first will address Petitioner's motion to clarify or reconsider the Court's opinion and order [Docs. 185, 186] denying his § 2255 motion and supplemental motions [Doc. 187], which the Court will construe as a motion to alter or amend judgment under to Federal Rule of Civil Procedure 59(e). *See*, *e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (when a party files a "motion to reconsider" a final order or judgment within twenty-eight days of its entry, the motion is to be construed as a motion to alter or amend judgment under Rule 59(e)).

A Rule 59(e) motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Michigan Flyer LLC v. Wayne County Airport Authority*, 860 F.3d 425, 431 (6th Cir. 2017). Importantly, "'[a] motion under Rule 59(e) is not an opportunity to re-argue a case.'" *GenCorp, Inc*., 178 F.3d at 834 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Where a movant merely "views the law in a light contrary to that of this Court," his "proper recourse" is not

by way of a motion for reconsideration "but appeal to the Sixth Circuit." *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).

Petitioner's motion advances no basis upon which relief could be granted under Rule 59(e). Instead, he merely contends that the Court incorrectly determined that it had no jurisdiction to consider his supplemental claims because the Sixth Circuit "received my entire 2255 as presented to this Court" [Doc. 187]. However, the order from the Sixth Circuit is clear that the only claim considered was his claim that "in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he should not be subject to an enhanced sentence as a career offender because his prior convictions no longer qualify as 'crimes of violence' under USSG § 4B1.2(a)" [Doc. 167 pp. 1–2]. Because *Johnson* announced a new substantive rule of constitutional law that was subsequently made retroactive on collateral review, the Sixth Circuit authorized the Court to consider that specific claim [*Id*. p. 2]. As the Court previously explained, to the extent Petitioner is seeking to raise any other Eighth Amendment or Due Process claim independent of, or wholly unrelated to, the new substantive rule of constitutional law announced in *Johnson*, he has not received authorization to do so [Doc. 185 p. 8].

If Petitioner disagrees with the Court's interpretation of the mandate, his recourse is to file an appeal. Accordingly, Petitioner's motion to clarify or for reconsideration [Doc. 187], which has been construed as a motion to alter or amend judgment under Rule 59(e), will be **DENIED**.

## B.       Rule 60(b) Motion

Petitioner also has filed a motion for relief under Federal Rule of Civil Procedure 60(b)(6), asserting for the first time that his prior predicate convictions for facilitation of second degree murder and aggravated assault were improperly counted as separate offenses under USSG § 4A1.1 when they were consolidated for sentencing in the Tennessee state court and, therefore, that he lacks the requisite two prior felony convictions to qualify as a career offender under USSG §§ 4B1.1(a) and 4B1.2(c) [Doc. 188].

As a threshold matter, the Court must determine whether Petitioner's motion for relief properly has been brought under Rule 60(b), or whether it should be considered a second-or-successive § 2255 motion.  Generally, "Rule 60(b) does not provide relief from judgment in criminal proceedings," *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011), although a Rule 60(b) motion properly may be employed to attack "some defect in the integrity of the federal habeas proceedings."  *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (discussing interplay between Rule 60(b) and § 2254); *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (applying *Gonzalez* in § 2255 context).  Conversely, a Rule 60(b) motion that attempts "to add a new ground for relief" is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion. *In re Nailor*, 487 F.3d at 1022; *Gonzalez v. Crosby*, 545 U.S. at 532.

Here, Petitioner's Rule 60(b) motion alleges no defects in the § 2255 proceedings and in fact explicitly seeks relief from his *criminal* judgment entered on August 21, 2006 [Doc. 188 p. 1].  Instead, Petitioner's motion clearly seeks to add a new claim that he no

longer qualifies as a career offender under the entirely novel theory that he lacks the requisite two prior felony convictions of a crime of violence because his convictions for facilitation of second degree murder and aggravated assault improperly were counted as separate offenses. Since Petitioner is seeking to add a "new ground for relief," his Rule 60(b) motion must be considered another § 2255 motion. *Nailor*, 487 F.3d at 1023. Moreover, because Petitioner previously has sought relief under § 2255, and has not received authorization from the Sixth Circuit Court of Appeals to file a second-or-successive § 2255 motion to consider this new claim, his motion must be transferred to the Sixth Circuit Court of Appeals for certification. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## III.   CONCLUSION

Accordingly, for the foregoing reasons, it is **ORDERED** that Petitioner's motion for reconsideration of the Court's opinion and order denying his second-or-successive § 2255 motion, as supplemented, [Doc. 187], properly construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), hereby is **DENIED**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** becasue he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case in accordance with Rule 24 of the

Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed in forma pauperis on appeal is **DENIED**. *See* Fed. R. App. P. 24.

It further is **ORDERED** that Petitioner's Rule 60(b) motion [Doc. 188], properly construed as a successive § 2255 motion, will be **TRANSFERRED** to the Sixth Circuit Court of Appeals in accordance with 28 U.S.C. § 1631, for authorization to consider Petitioner's new claim as required under §§ 2255(h) and 2244(b)(3).

Additionally, the Clerk of Court is **DIRECTED** to terminate the pending motion [Doc. 190] in the defendant's criminal case 3:05-CR-112-TAV-CCS-1.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE