UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:05-CR-112-TAV-DCP-1 |
| MELVIN E. DAVIS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's "Motion for Reconsideration under 404(b) First Step Act 2018 Retroactive Crack Cocaine Law" [Doc. 222]. Because the Court finds that defendant's motion [Doc. 222] is an unauthorized second or successive motion under § 2255, it will **TRANSFER** this filing to the Sixth Circuit Court of Appeals.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not consider a "second or successive motion" collaterally attacking a defendant's federal sentence until the appellate court certifies that the motion satisfies the requirements of § 2255(h). 28 U.S.C. § 2255(h); *see also* § 2244(b)(3)(A). If a defendant fails to obtain authorization before filing such a motion in the district court, the district court must transfer the motion to the appellate court under § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

In his initial § 2255 motion, defendant challenged his career-offender classification under Amendment 709 to the Guidelines, but the Court denied his motion

on this ground because Amendment 709 was not retroactively applicable [Doc. 154, p. 16]. The Sixth Circuit denied a certificate of appealability [Doc. 159].

Subsequently, the Sixth Circuit granted defendant leave to file a second or successive § 2255 motion, on the ground that he was erroneously sentenced as a career offender, as his prior convictions no longer qualified as "crimes of violence" under U.S.S.G. § 4B1.2(a) [Doc. 167, pp. 2–3]. Defendant filed a § 2255 motion raising this claim [Doc. 169], however, he ultimately conceded that his claim was foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), and the Court dismissed this claim [Doc. 185, pp. 4–5]. Since that time, defendant has sought to challenge his career offender designation in a variety of ways, and the Court has construed these requests as second or successive § 2255 motions [*See* Docs. 193, 219].

In his instant motion, defendant contends that Section 404(b) of the First Step Act does not impose any limitation on considering changes to the law, citing *Concepcion v. United States*, 597 U.S. 481 (2022) [Doc. 222, p. 2].[1] Defendant then argues that his prior conviction for Tennessee facilitation to commit second degree murder is not a "crime of violence" under the career offender guidelines, citing the "new Supreme Court

---

[1] Notably, defendant appears to confuse relief under Section 404(b) of the First Step Act and the First Step Act's extension of the availability of compassionate release under 18 U.S.C. § 3582(c)(1)(A), as he cites *Concepcion* and other case law regarding the Court's ability to consider certain factors in the context of a compassionate release motion, rather than a Section 404(b) motion. The Court also finds that defendant's instant motion is not reasonably construed as a motion for reconsideration of defendant's prior motion for compassionate release [Doc. 220], as the Court denied this motion without prejudice because defendant had not exhausted his remedies, rather than on the ground that it could not consider an intervening change in the law [Doc. 221].

2

ruling in Borden v. United States, 141 S. Ct. 1817 (2021)" [*Id.* at 4]. Defendant asks the Court to "vacate sentence or grant any relief this Court deem just" [*Id.* at 5].

Although defendant's motion labels itself as seeking reconsideration of the denial of his Section 404(b) motion, it appears that the instant motion actually seeks to again challenge his career offender classification. Nothing in the Court's order denying defendant's Section 404(b) motion related to whether consideration of defendant's career offender classification was appropriate [*See* Doc. 205 (denying defendant's Section 404(b) motion because his offense of conviction was not a "covered offense" under the First Step Act); Doc. 217 (denying reconsideration on the same ground)]. Accordingly, defendant's instant motion is most appropriately considered an unauthorized second or successive § 2255 motion.

Although defendant's motion [Doc. 222] represents a second or successive motion to vacate under § 2255, the Court has not received authorization from the Sixth Circuit Court to consider it. Accordingly, the Clerk is **DIRECTED** to **TRANSFER** Petitioner's filing [Doc. 222] to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE